No. 03-804

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 102N

IN THE MATTER OF R.F. and H.F.,

YOUTHS IN NEED OF CARE.

APPEAL FROM:     District Court of the Eighth Judicial District,
                 In and for the County of Cascade, Cause No. ADJ-02-151-Y,
                 The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

          For Appellant:

                 Megan Lulf-Sutton, Deputy Public Defender, Great Falls, Montana

          For Respondent:

                 Hon. Mike McGrath, Attorney General; Ilka Becker,
                 Assistant Attorney General, Helena, Montana

                 Brant S. Light, Cascade County Attorney; Gina Bishop, Deputy County
                 Attorney, Great Falls, Montana

                                   Submitted on Briefs:  March 9, 2004

                                         Decided:  April 20, 2004

Filed:

          _____
                              Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. The decision shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of non-citable cases issued by this Court.

¶2 S.K. appeals from the Eighth Judicial District Court's Findings of Fact, Conclusions of Law and Order dated August 21, 2003, terminating parental rights of S.K. to H.F. We affirm.

## BACKGROUND

¶3 On August 8, 2002, the State filed a Petition for Emergency Protective Services, Adjudication as Youth in Need of Care and Temporary Legal Custody with an associated supporting affidavit detailing the Department of Public Health and Human Services' (DPHHS) involvement with the children, R.F. and H.F. The court adjudicated the children as Youths in Need of Care on August 29, 2002, based upon the stipulation of Appellant, their mother. R.F. was subsequently dismissed from the case when he turned eighteen. On June 11, 2003, the State filed a Petition for Permanent Legal Custody and Termination of Parental Rights on the bases of abandonment, length of time in foster care and failure to complete the court ordered treatment plan. On August 20, 2003, the District Court held a hearing on the State's Petition. Based upon the testimony presented, the court terminated S.K.'s parental rights as to H.F. S.K. appeals from this Order.

## DISCUSSION

¶4 The decision to terminate parental rights is generally within the discretion of the trial court, and we review such decisions for an abuse of discretion. *In re T.E.*, 2002 MT 195, ¶ 14, 311 Mont. 148, ¶ 14, 54 P.3d 38, ¶ 14. On review of such decision, we determine whether the district court's findings of fact supporting a termination are clearly erroneous. *In re T.E.*, ¶ 14. When reviewing a court's conclusions of law, we determine if they are correct. *In re T.E.*, ¶ 14. However, it is well-settled that this Court will not address issues presented for the first time on appeal. We have said that "[a]s a general rule, we do not consider an issue presented for the first time on appeal because it is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider." *In re D.H.*, 2001 MT 200, ¶ 41, 306 Mont. 278, ¶ 41, 33 P.3d 616, ¶ 41.

¶5 While S.K. presents allegations that her treatment plan was inappropriate, she stipulated to the plan and at no time preserved her objection to the plan in the District Court. Furthermore, while represented by counsel, S.K. did not introduce any evidence at the hearing to contradict the allegation that she was, in fact, not in compliance with her treatment plan. Moreover, she did not advance any evidence that DPHHS presented insufficient evidence that the condition rendering her unfit was unlikely to change within a reasonable time. As a result of not raising these issues before the District Court, S.K. waived her right to appeal them.

¶6 Accordingly, we conclude, pursuant to Section I, Paragraph 3(d)(I), Montana Supreme Court 1996 Internal Operating Rules, that the legal issues raised in this appeal are clearly controlled by settled Montana law; that there are no factual issues in dispute; and that

3

the trial court's conclusions of law are correct. We hold the District Court did not abuse its discretion when it found that substantial evidence supported its decision to terminate S.K.'s parental rights to H.F.

¶7    Therefore, the District Court's decision is affirmed.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER